## UNITED STATES DISTRICT COURT
## FOR THE STATE OF COLORADO

Case No.     2 13-cv-01882-REB-CBS

**LARRY ELAM-FLOYD,**

> Plaintiff,

vs.

**MIKE'S CAMERA, INC.,**

> Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The Plaintiff, Larry Elam-Floyd, and the Defendant, Mike's Camera, Inc., through their respective legal counsel Stipulate and Agree as follows:

1.      This agreement is entered into to expedite the flow of information between the parties and adequately protect material entitled to be kept confidential.

2.      The parties have agreed that a Confidentiality Agreement should be entered as a protective order to help safeguard documents that are entitled to be treated as confidential or privileged including, but not limited to, medical, psychological or counseling records, personnel information, trade secret information, information that implicates a privacy right, information protected by privacy statute or protected under common law, and other recognized protections.   By production of documents that have been designated as confidential or by providing testimony pursuant to this Agreement, the parties do not waive, but rather expressly reserve any and all legal rights, obligations, privileges, or immunities applicable to such documents and any corresponding testimony.

3.      Documents which are produced by either the Defendant or Plaintiff in response to any voluntary disclosure or discovery request and which the party deems is "Confidential Information" shall be known and designated as such.

4.      The parties, when seeking the protection of this Agreement as to information contained in any document or tangible thing shall, at the time of production, identify the documents which are confidential and mark each document or thing (or copy thereof) with a legend in substantially the following form:

**"Confidential" or "Confidential Material"**

or shall otherwise mark the document or thing in a way that brings to the attention of a reasonable examiner the request for confidential treatment.   Medical records, psychological records and tax returns can be generically designated as Confidential if releases are requested.   Documents and things designated as Confidential shall be marked so as to plainly state such designation.   Matters that include, *inter alia*, interrogatory answers, responses to requests for admission, deposition transcripts, videotapes, exhibits, pleadings, motions, affidavits and briefs that quote, summarize or contain Confidential Information, must also be stamped or marked accordingly.   To the extent any documents previously produced or other information previously disclosed is considered by the producing or disclosing party to be entitled to protection under this Agreement, the party may identify such information in writing to counsel and such information will be treated as "Confidential Information."   All designation of documents and material as "Confidential" shall be done in good faith and by the attorney(s) of record, or a paralegal that is familiar and knowledgeable with the terms of this Agreement.

-2-

5.      The designation of confidentiality provided for in this agreement does not expand the basis for any claim of confidential, proprietary information or privilege, but is a mechanism for making and expediting the exchange or production of documents and things that would, or could, be classified as documents and things entitled to protection pursuant to statute or case law.   The burden of demonstrating that Confidentiality or privilege applies shall be on the party making the designation.

6.      All Confidential Information obtained by any party from another party during the course of this matter, shall be used only for purposes of this matter, and shall not be used for any other purpose.

7.      Except as provided in subparagraphs 6(i) - (iii) below, no Confidential Information may be disclosed to any person without the prior written consent of the party designating the information as Confidential, or as expressly permitted by this Agreement.   Nothing in this Agreement shall prevent either party from disclosing or using its own Confidential Information.   Confidential Information **may only** be disclosed to:

(i)      Court reporters and persons operating video recording equipment at depositions in this action;

(ii)     Counsel who have appeared of record for a party in this action and partners, associates, legal assistants or other employees of such counsel assisting in the prosecution or defense of this action, and other employees of such counsel;

(iii)    Persons retained by the parties or their attorneys to assist in the prosecution or defense of this case (including investigators, consultants or expert witnesses); and

(iv)    Persons who will make or assist in making decisions on the case resolution or settlement.

8.       Prior to a party's counsel disclosing Confidential Information to persons described in subparagraphs 6(i) - (iv) above, that party's counsel shall: (i) apprise the person(s) of the confidential nature of the information; (ii) apprise such person(s) of the terms and obligations of this Agreement; (iii) apprise such person(s) that there is limited use of such information by such person(s) for purposes of this matter and that further disclosure should not occur; and (iv) deliver a copy of this Agreement to such a person(s).

Prior to a party's counsel disclosing Confidential Information to persons described in subparagraph 6(iii), the disclosing party shall, in addition to the requirements contained in the preceding paragraph, obtain a written agreement signed and dated by such persons which states substantially the following:

> The undersigned hereby acknowledges that he/she has read the terms of the Confidentiality Agreement, understands the terms thereof, and agrees to be bound by those terms. The undersigned shall keep the material and/or information within his/her exclusive possession and shall not use or disclose it other than as authorized. The undersigned understands that the pledge of secrecy under this Agreement continues after this action is terminated.

Each parties' counsel to this action shall at all times retain custody and control of all Confidential Information through and beyond termination of this action. Nothing herein shall be deemed as restricting counsel for any party from making copies as required for use in their own offices or for such person(s) enumerated in subparagraph 6(i) -(iv), or for use during examination of witnesses, but *only* for purposes of this action.

9.       In the event any party desires to file a document, brief, memorandum, or any other paper with the Court that discloses any Confidential Information, or the substance thereof, that party

shall, unless otherwise agreed to in writing by the parties, electronically file the Confidential

material using ECF using the docket event "Sealed Document." The parties shall not use the

Court's electronic notice facilities to serve sealed documents. Service shall be made in

accordance with the Federal Rules of Civil Procedure. A certificate of mailing will be attached to

the filed document, which will also include notice that the material has been filed under a

Confidentiality Order and that it should be accepted as and remain Confidential.

10.     In the event any Confidential Information is used in any pretrial proceeding, including

deposition, such information shall not lose its confidential status through such use, and the parties

shall take all steps reasonably required to protect the confidentiality of such information during its

use.

11.     Any party may, within 30 days of receipt of a document or information designated as

confidential, object to the designation of any documents or other information as confidential by

informing all parties of their objection in writing. If the objection cannot be resolved by the

parties, then the matter may be brought to the Court for resolution. Should there be any dispute

regarding the designation of a document or testimony based on the designation of "Confidential"

under the agreement, the burden of demonstrating that the document, material or testimony shall

be confidential or treated as being confidential is upon the party so designating or claiming the

document, material or testimony is confidential.

12.     The provisions of this Agreement (and any supplements, amendments or modifications

thereof) concerning the use and disclosure of Confidential Information and otherwise safeguarding

the confidentiality of Confidential Information of the parties shall continue in effect after the

conclusion of this action.

13.     Nothing contained in this Agreement shall affect the rights, if any, of either party to make any other type of objection, claim or other response to any subsequent discovery, request, subpoena, or any question at a deposition, nor shall this Agreement be construed as a waiver by either party.  Further, this agreement does not alter or expand the basis for claiming a right to confidentiality and any claim of confidentiality must be based on a statutory or common law right to confidentiality or any legally cognizable privilege to withhold any document or information, or any right which such party may have to assert such privilege at any stage of the proceedings.

14.     Within 30 days of the conclusion of this action including appeals therefrom, all information designated as Confidential Information within the meaning of this Agreement, and each copy, summary or excerpt thereof, shall be returned to the designating party or to its counsel. As an alternative, counsel may agree in writing to destroy all copies of such confidential information.

15.     For good cause shown, any party may seek modification or termination of this Agreement, first by an attempt to obtain the consent of every other party to such modification or termination, and then, absent consent, must be approved by application to the Court.  No party shall seek any modification or termination of this Agreement without providing the other parties timely notice.

16.     The Stipulating Parties, by their undersigned counsel, stipulate and consent to making this Agreement an Order of the Court.

FINGER & NEWCOMB, P.C.                          MOYE WHITE LLP

-6-

William S. Finger, #7244                    Elizabeth H. Getches
29025-D Upper Bear Creek Road               16 Market Square
P.O. Box 1477                               1400 16th Street, 6th Floor
Evergreen, CO 80437-1477                    Denver, CO 80202-2900
(303) 674-6955                              (303)292-7926
Attorney for Plaintiff                      Attorney for Defendant

  **DATED** this 17th day of _____October_____, 2013.

                    **SO ORDERED:**


            ___s/ Craig B. Shaffer_____
            United States District Court Judge/Magistrate Judge